# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS P. VITRANO,

        Plaintiff,

        -vs-                                         Case No.   10-C-800

LINDSEY HAUCK, JUDY MILLER,
MARKELLA REED, BARBARA OBERHART,
JOANNE MEDLEY, SYLVIA S. GROSS,
DENA WENDLING, DAWN SMITH,
DR. NICHOLAS AKGULIAN,
and FORMER MEDICAL STAFF MEMBER "MINDY",

        Defendants.

## DECISION AND ORDER

        The plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983, initially alleging that he was deprived of appropriate medical treatment for his asthma while he was confined at the Kenosha County Jail. On November 17, 2010, the court found that the complaint stated an Eighth Amendment claim for deliberate indifference to a prisoner's medical needs. However, because none of the then-named defendants was an appropriate defendant, the court ordered the complaint served upon the Kenosha County Sheriff for discovery purposes only, and required the plaintiff to ascertain the identities of the relevant staff members and to file an amended complaint naming proper defendants. Currently before the court is the plaintiff's motion to amend the complaint, along with a proposed second amended complaint.

In his second amended complaint, the plaintiff maintains that the medical staff at the Kenosha County Jail denied his prescribed asthma medications and necessary breathing treatments from August 31, 2010 through November 20, 2010, causing him to suffer several severe asthma attacks. In addition, the plaintiff heard voices and was unable to sleep, because the medical staff denied his prescribed psychotropic medication from October 11, 2010 through October 15, 2010, and he was also denied a prescribed creme for his skin condition. According to the plaintiff, while he has now obtained the names of the medical staff members employed at the Kenosha County Jail, he cannot specify the roles of individual staff members at this time, as they did not wear name tags or provide their names during his interactions with them.

The plaintiff's allegations are sufficient to state a claim that he was deprived of appropriate medical treatment and medication, in violation of the Eighth Amendment, while he was confined at the Kenosha County Jail. The plaintiff may proceed against all of the named defendants at this time, although service will not be attempted on the former staff member known only as "Mindy" until the plaintiff can provide a full name and address for that defendant.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to file an amended complaint (Docket # 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the second amended complaint (Docket # 23-2), the summons, and this order upon

the named defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the second amended complaint (Docket # 23-2).

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does

not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2011.

**SO ORDERED,**

*s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**